# United States Court of Appeals for the Fifth Circuit

--------------------

No. 23-50102
Summary Calendar

--------------------

United States Court of Appeals
Fifth Circuit

**FILED**
February 16, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Vidal Gonzalez,

*Defendant—Appellant*.

--------------------

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:22-CR-622-2

--------------------

Before Wiener, Stewart, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Vidal Gonzalez appeals his conviction for transportation of illegal aliens. He asserts that the magistrate judge (MJ) failed to properly ensure he understood the nature of the charge and that there was an insufficient factual basis for his guilty plea.

--------------------

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

Because Gonzalez did not object to any Federal Rule of Criminal Procedure 11 errors in the district court, our review is for plain error. *See United States v. Vonn*, 535 U.S. 55, 59 (2002). To establish plain error, Gonzalez must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). This court will find a violation of Gonzalez's substantial rights under Rule 11 only if he shows "a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004). If he makes such a showing, this court has the discretion to correct the error but only if it "'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" *Puckett*, 556 U.S. at 135 (alteration in original) (quoting *United States v. Olano*, 507 U.S. 725, 736 (1993)).

Under Federal Rule of Criminal Procedure 11(b)(1)(G), the district court must "inform the defendant of, and determine that the defendant understands . . . the nature of each charge to which the defendant is pleading." Fed. R. Crim. P. 11(b)(1)(G). The record reflects that the MJ sufficiently confirmed Gonzalez's understanding of the charge. *See United States v. Reyes*, 300 F.3d 555, 559 (5th Cir. 2002); *United States v. Lujano-Perez*, 274 F.3d 219, 224 (5th Cir. 2001). Because a reasonable person would not doubt that Gonzalez understood the charge, he has not shown any clear or obvious error in regard to compliance with Rule 11(b)(1)(G). *See Puckett*, 556 U.S. at 135; *Reyes*, 300 F.3d at 559.

Turning to Gonzalez's Federal Rule of Criminal Procedure 11(b)(3) argument, the facts contained in the factual basis underlying Gonzalez's guilty plea and the presentence report establish that Gonzalez sought to further the illegal aliens' presence in the United States. Specifically, Gonzalez and his co-defendant were traveling in tandem after picking up the illegal aliens at the border; Gonzalez's vehicle was rented and contained heavily tinted windows; prior to being pulled over, Gonzalez was driving

2

No. 23-50102

away from the border; and he provided no logical explanation as to how he knew his passengers. On these facts, Gonzalez has not shown a clear or obvious error. *See Puckett*, 556 U.S. at 135.

AFFIRMED.